IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02197-WJM-MEH

BEN GUNN, and
JENNIFER GUNN,

      Plaintiffs,

v.

WCA LOGISTICS, LLC, and
WCA LOGISTICS II, LLC,

      Defendants/Third-Party Plaintiffs,

WILLIAM C. CARTER,

      Defendant,

v.

JOHN E. BREEN,

      Third-Party Defendant.

## ORDER ON MOTION TO COMPEL

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendants and Third Party-Plaintiffs WCA Logistics, LLC and WCA Logistics II, LLC's (collectively, "WCA") Motion to Compel Disclosure of Insurance Information [filed June 18, 2014; docket #55]. The Motion has been referred to this Court for disposition [docket #56]. The matter is fully briefed, and the Court finds that oral argument will not assist in adjudication of the motion. For the reasons that follow, the Court **grants in part** and **denies in part** the Motion to Compel.

**BACKGROUND**

Plaintiffs, Ben and Jennifer Gunn, initiated this action in state court against Defendants WCA on June 28, 2013. Docket #1-1. The case was removed to the District of Colorado on August 15, 2015. Docket #1. The Gunns' claims arise from WCA's purchase and management of Plaintiffs' freight brokerage business. *See* docket #1-1. On December 5, 2013, WCA asserted five counterclaims arising from the Gunns' relationship with WCA's former attorney John Breen. Docket #19. In response, Third-Party Defendant Breen filed a Motion to Dismiss and eleven counterclaims against WCA. Docket #20.

When WCA had not received Breen's initial disclosures by January 8, 2014 pursuant to the 30-day deadline under Fed. R. Civ. P. 26(a)(1)(D), WCA sent Breen a letter on January 20, 2014. Docket #55-2. The letter demanded Breen's initial disclosures, and, specifically, relevant information regarding his legal malpractice insurance coverage. *Id*. Breen's January 27, 2014 initial disclosure statements included the following with regard to insurance:

> Defendant Breen upon information and belief does not carry insurance coverage outside the statute of limitations for such a claim, even assuming any such claim is not frivolous. Pending before the Court is Breen's motion to dismiss the complaint against him as well. Breen will amend said disclosure at the appropriate juncture in accordance with the Court's ruling.

Docket # 55-3 at p. 5.

On February 21, 2014 WCA served its First Set of Discovery to Breen. Docket # 55-4. Breen responded to the discovery on April 7, 2014, and admitted that he had legal malpractice insurance on December 5, 2013 (the date WCA filed its counterclaims against him). Docket #55-4 at p.7 (WCA's Requests for Admissions); docket # 69-1 at p.4 (Breen's Admissions). WCA called Breen on April 18, 2014 to request his insurance information; WCA informed Breen that if he did

not notify his insurance carrier of this lawsuit, WCA would put the insurance carrier on notice itself. Docket #55 at p. 4.

After a June16, 2014 settlement conference with this Court, WCA sent an email to Breen requesting the insurance information and informing him it would file the present motion if it did not receive the information by the next day. Docket #55-1. WCA did not receive the information and filed this Motion to Compel on June 18, 2014.

Breen delivered the insurance information to WCA on June 26, 2014 and filed a response to the Motion to Compel on June 30, 2014. Docket #59. Breen argues that he is not obligated to pay WCA's expenses incurred in filing the Motion, because WCA failed to confer with him under D.C. Colo. LivR. 7.1(a), and the Motion to Compel was premature because his Motion to Dismiss has not been ruled upon. WCA's reply argues that it is entitled to attorney's fees and costs pursuant to Fed. R. Civ. P. 37(a)(5).

Because the requested discovery has been served, WCA's Motion to Compel is denied in part as moot. The Court need only address whether WCA is entitled to reasonable expenses incurred in filing the Motion.

## DISCUSSION

Fed. R. Civ. P. 37(a)(5) provides:

> [I]f the disclosure or requested discovery is provided after the motion was filed[,] the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the Court must not order this payment if:
> 
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> > (iii) other circumstances make an award of expenses unjust.

First, Breen contends that WCA did not attempt in good faith to obtain the discovery and did not comply with the duty to confer under D.C. Colo. LCivR 7.1(a). Breen argues that the June 16, 2014 email was intended to "blind side" him because he thought the parties had agreed, based on a conversation about discovery issues after the settlement conference, that the disclosure of the insurance information was premature. *See* docket #59 at pp. 203. However, Breen admits that the issue of the insurance policy was not raised in that conversation, and he does not deny that WCA requested the information in January, February, and April. The Court finds that, even assuming Breen's belief that WCA no longer sought the disclosure was a reasonable one (which is doubtful based on the facts before this Court), the June 16, 2014 email constituted a good faith effort to confer under D.C. Colo. LCivR 7.1(a). The email requested the information by noon on June 17, 2014. When WCA had not received it by June 18, 2014 - and in light of WCA's numerous other unsuccessful requests for the disclosure - it had reason to believe that the dispute could not be resolved without the Court's assistance. Indeed, Breen continues to argue that his nondisclosure was justified.

Breen argues that he was not required to disclose his insurance information because the Court had not yet ruled on his Motion to Dismiss. There is no legal support for his position. Fed. R. Civ. P. 26(a)(1)(A) provides:

> Except as exempted by Rule 26(a)(1)B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties . . . any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for

payments made to satisfy the judgment.

None of the disclosure exemptions under Rule 26(a)(1)(B) apply here. Thus, the law clearly required Breen to disclose the insurance information, and his pending Motion to Dismiss did not exempt him from that requirement. Breen also asserts that WCA's allegations are absurd and frivolous. These arguments go to the merits of his Motion to Dismiss and do not provide justification for his failure to disclose his insurance information. Pursuant to Fed. R. Civ. P. 26(a)(1)(D)'s 30-day initial disclosure deadline for parties served after the Rule 26(f) Scheduling Conference, Breen was required to disclose his insurance information by January 8, 2014, and he failed to do so despite WCA's repeated requests.

Accordingly, the Court finds that payment of reasonable expenses is mandated by the law and ORDERS that Defendant/Third-Party Plaintiffs WCA Logistics, LLC and WCA Logisitcs II, LLC shall have reasonable costs and attorney's fees incurred in filing the Motion to Compel by filing an affidavit supporting such expenses no later than August 7, 2014. Any response by Breen is due on August 18, 2014.

The Motion to Compel Disclosure of Insurance Information (filed June 18, 2014; docket #55) is **denied in part as moot and granted in part** as specified herein.

Dated at Denver, Colorado, this 30th day of July, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge