IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02197-WJM-MEH

BEN GUNN, and
JENNIFER GUNN,

      Plaintiffs,

v.

WCA LOGISTICS, LLC, and
WCA LOGISTICS II, LLC,

      Defendants/Third-Party Plaintiffs,

WILLIAM C. CARTER,

      Defendant,

v.

JOHN E. BREEN,

      Third-Party Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Defendant John E. Breen's Renewed Motion to Dismiss Third Party Complaint as Amended [filed July 15, 2014; docket #66]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation [docket #107]. The motion is fully briefed,[1] and the Court heard oral arguments on September 15, 2014. *See* docket

---

[1] Breen filed a reply on January 1, 2014 (docket #29) to the first motion to dismiss, but did not file a reply to the renewed motion to dismiss. At the September 15, 2015 hearing, the Court

#106. For the reasons that follow, the Court respectfully RECOMMENDS that the renewed motion to dismiss be **denied**.[2]

## BACKGROUND

Plaintiffs Ben and Jennifer Gunn initiated this action against Defendants WCA Logistics, LLC; WCA Logistics II, LLC; and William Carter (collectively, "WCA") in state court on June 28, 2013. WCA removed the case to federal court on August 15, 2013 based on diversity of citizenship. (Docket #1) Plaintiffs' claims arise from WCA's September 2012 purchase and subsequent management of Plaintiffs' freight brokerage business, formally known as Armada Logistics ("Armada"). (Docket #4)

On December 5, 2013, WCA asserted four counterclaims against Plaintiffs and a third-party complaint against John Breen, WCA's former Chief Operating Officer (COO), who was responsible for the purchase agreement underlying the claims between Plaintiffs and WCA ("the Armada purchase agreement"). (Docket #19) On December 9, 2013, Breen asserted counterclaims against WCA and moved to dismiss the third-party complaint. (Docket ## 20, 21).

---

granted Breen's request to consider his first reply as a reply to the present motion.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

WCA allegedly learned, through written discovery, that Breen assisted Plaintiffs in preparing for and initiating their lawsuit against WCA. (Docket #50) On June 13, 2014, WCA filed an amended third-party complaint incorporating the newly discovered allegations and asserting the following claims against Breen: (1) legal malpractice, (2) negligence per se, (3) breach of fiduciary duty, (4) breach of the duty of loyalty, (5) fraud, and (6) civil conspiracy. (Docket #53) In light of the amended third-party claims, Breen's prior motion to dismiss was denied as moot. (Docket #81) Breen filed the present motion on July 15, 2014.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Rule 12(b)(6) evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678-79. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 679. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

## ANALYSIS

Breen asserts two bases for his dismissal: (1) any claims asserted against him by WCA predicated on allegations of professional misconduct occurring before December 5, 2012, are barred by the statute of limitations, and (2) any claims based on conduct occurring after December 5, 2012, are insufficiently pleaded and incapable of a response. The Court will address each argument in turn.

**I.    Statute of Limitations**

"Although the statute of limitations is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Solomon v. HSBC Mortg. Corp.*, 395 F. App'x 494, 497 (10th Cir. 2010) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

The parties agree that Ohio's one-year statute of limitations applies to WCA's legal malpractice claim, *see* Ohio Rev. Code § 2305.11(A), but dispute when the action accrued. WCA

initiated its action against Breen on December 5, 2013; thus, if the action accrued before December 5, 2012, it is barred by the statute of limitations. Pursuant to Ohio Rev. Code § 2305.11(A), "an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." *Zimmie v. Calfee, Halter, and Griswold,* 43 Ohio St. 3d 54, 58, 538 N.E.2d 398, 401 (Ohio 1989).

Breen contends that the action accrued on September 22, 2012, when the Armada purchase agreement was executed. WCA contends that the action accrued, at the earliest, in February 2013, when Breen resigned from WCA and the attorney-client relationship terminated. According to WCA, the transaction at issue was not only the Armada purchase agreement, but the post-acquisition matters related to the management of the Denver operations. The December 5, 2013 third-party complaint contains specific allegations about Breen's continuing misconduct as COO, including, for example, transferring funds "for use in the acquisition of Armada's assets and in continuing the Denver operations." (Docket #19 at ¶80(h)) Plaintiffs' complaint also alleges that WCA's operation and management of Armada's assets continued at least until February 2013, when Breen resigned as COO. (Docket #4) As WCA's COO and legal counsel, Breen would have been involved in the operation and management of Armada's assets. (*See* docket #19 at ¶¶ 15, 19)

The Court finds that the attorney-client relationship underlying the legal malpractice claim terminated in February 2013. Accordingly, the Court recommends that the statute of limitations does not bar any of WCA's claims that are based on legal malpractice.

The parties also dispute how many of WCA's third-party claims are subject to the one-year legal malpractice statute of limitations. Breen has requested that the Court dismiss "the third-party complaint in its entirety," while WCA asserts that only three of its six claims against Breen are subject to the legal malpractice statute of limitations. The Court need not resolve this dispute, because the February 2013 accrual date is clearly established by Ohio law and, consequently, the one-year statute of limitations does not bar any claims that are based on legal practice.

## II.     Sufficiency of the Pleadings

The final paragraph of the analysis section of Breen's motion asserts that the complaint fails to "set forth a cognizable event," and "is deficient on its face." (Docket #66 at p. 10) Breen has raised this argument "[w]ith respect to defendants' allegations occurring after December 5, 2012," but has not identified which claims are subject to this argument or if he seeks dismissal on this basis. (*Id.*) Breen contends that the allegations provide no basis for a response. Thus, the Court interprets this paragraph as a request for clarification of the claims against him.

The Court finds that the third-party complaint sufficiently advises Breen that WCA's amended allegations are based on its belief that Breen's communications with Plaintiffs violate the Ohio Rules of Professional Conduct. *See* docket #53 at ¶¶ 75-85, 89, 92-99. To the extent Breen denies these allegations on the basis that he never represented Plaintiffs, he provides no legal support for the proposition that WCA's claims require that Breen represented Plaintiffs, and it is not otherwise apparent to the Court that WCA's claims require such a finding.

Accordingly, the Court does not recommend dismissal on the basis of insufficient pleadings.

## CONCLUSION

The Court respectfully RECOMMENDS that John E. Breen's Renewed Motion to Dismiss

Third Party Complaint as Amended [filed July 15, 2014; docket #66] be **DENIED** as set forth herein.

Respectfully submitted this 19th day of September, 2014, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge