**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-02197-WJM-MEH

BEN GUNN, and
JENNIFER GUNN,

    Plaintiffs,

v.

WILLIAM C. CARTER,

    Defendant,

WCA LOGISTICS, LLC, and
WCA LOGISTICS II, LLC,

    Defendants/Third-Party Plaintiffs,

v.

JOHN E. BREEN,

    Third-Party Defendant.
_____

**ORDER OVERRULING THIRD-PARTY DEFENDANT'S OBJECTIONS TO THE
UNITED STATES MAGISTRATE JUDGE'S ORDER ON MOTION TO COMPEL AND
ORDER RE: SANCTIONS**
_____

    This matter is before the Court on United States Magistrate Judge Michael E. Hegarty's Order on Motion to Compel (ECF No. 79) and Order Re: Sanctions (ECF No. 91) (jointly the "Orders"). Third-Party Defendant John E. Breen has filed Objections to these Orders. (ECF No. 102.) For the reasons set forth below, the Court affirms both Orders in their entirety and overrules Third-Party Defendant's Objections.

## I.  BACKGROUND

On December 5, 2013, Defendants WCA Logistics, LLC and WCA Logistics II, LLC (together "Defendants") filed a Third-Party Complaint against John E. Breen ("Breen") alleging legal malpractice among other claims.  (ECF No. 19.)  When Breen failed to comply with his initial disclosure requirements under Fed. R. Civ. P. 26(a)(1)(D), Defendants sent him a letter demanding the required disclosures.  (ECF No. 55-2.)  The letter specifically requested information regarding Breen's professional liability insurance coverage, which Breen's disclosures subsequently failed to provide. (ECF No. 34 at 5.)  In his response to Defendants' First Set of Written Discovery Requests, Breen admitted that he had malpractice coverage in effect on December 5, 2013.  (ECF No. 69-1 at 4.)  His response did not, however, provide a copy of the policy or the insurance carrier's name.  (*Id.*)  Defendants contacted Breen via phone in an effort to obtain the information (ECF No. 55 at 4), and thereafter sent him a final demand via email (ECF No. 55-1).  The email informed Breen that Defendants would file a motion to compel if they did not receive the insurance disclosures by noon the following day.  (ECF No. 55-1.)  Defendants did not receive the information, and they filed a Motion to Compel disclosure of the insurance Information.  (ECF No. 55.)

On July 30, 2014, Judge Hegarty granted Defendants' Motion to Compel in part, and, in accordance with Federal Rule of Civil Procedure 37, awarded Defendants their reasonable attorneys' fees and costs incurred in filing the Motion.  (ECF No. 79.)  Judge Hegarty's Order directed Defendants to file an affidavit of attorneys' fees, and allowed Breen time to respond to the affidavit once submitted.  (*Id*. at 5.)  Breen did not object

to Defendants' affidavit.  (ECF No. 91 at 1.)  On August 19, 2014, Judge Hegarty sanctioned Breen in the amount of $2,160.00.  (*Id.*)  Breen filed an objection to both Orders on September 2, 2014.  (ECF No. 102.)

## II.  LEGAL STANDARD

In considering objections to non-dispositive rulings by a Magistrate Judge, such as that at issue here, the Court must adopt the Magistrate Judge's ruling unless it finds that the ruling is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).  The "contrary to law" standard permits "plenary review as to matters of law," 12 Charles Alan Wright, Arthur R. Miller, Richard L. Cooper, Federal Practice and Procedure § 3069, at 355 (2d ed. 1997), but the Court will set aside a Magistrate Judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly.  *See Wyoming v. United States Dep't of Agriculture*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002).  "Because a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's determination only if his discretion is abused."  *Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996); *see also* Wright *et al.*, *supra*, at 350 (noting that the "contrary to law" standard appears to invite plenary review but noting that

"many matters . . . might be better characterized as suitable for an abuse-of-discretion analysis.").

## III. ANALYSIS

Breen objects to Judge Hegarty's imposition of sanctions against him in connection with Defendants' Motion to Compel. (ECF No. 102.) Specifically, Breen argues that (1) he had a legitimate basis for withholding his insurance information; (2) regardless, the insurance policy does not provide coverage for Defendants' claims; and (3) Judge Hegarty erroneously held that Defendants met the conferral requirements of D.C.COLO.LCivR 7.1(a) prior to filing their Motion to Compel. (*Id.* at 1-2.) The Court will address each argument in turn.

### A.     The Timeliness of Breen's Objections

As Breen's Objection raises issues related to whether he was required to disclose his insurance policy, his Objection is directed towards Judge Hegarty's July 30, 2014 Order granting Defendants' Motion to Compel. (ECF No. 79.) Rule 72(a) requires that any objection to a Magistrate Judge's non-dispositive order be filed within 14 days of service of that order. Because Breen's Objections were filed on September 2, 2014—well in excess of 14 days after Judge Hegarty's ruling—they are almost certainly untimely. This alone is sufficient to overrule Breen's Objections. *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 905 (10th Cir. 1995) (failure to timely object constitutes waiver of right to challenge non-dispositive ruling by Magistrate Judge). Nonetheless, in the interests of justice, the Court will consider the merits of the Objections.

**B.      Whether Breen Lawfully Withheld the Insurance Policy**

Breen attempts to justify his non-disclosure of the insurance policy by arguing that he submitted two letters from his insurance carrier that "conclusively prove[ ] that there is no insurance coverage." (ECF No. 102 at 8.) Breen additionally states he withheld the insurance information because Defendants' sole objective in obtaining the policy was to seek a settlement and avoid litigation. (*Id.*)

The Court rejects both of these explanations. The Court has reviewed the letters from Breen's insurance carrier and agrees with Defendants that they are not conclusive on the issue of coverage. (ECF Nos. 73-1 & 73-2.) Moreover, Breen's concerns regarding Defendants' motives are irrelevant with regard to his duty to produce the policy. Federal Rule of Civil Procedure 26(a) requires that all parties automatically disclose "any insurance agreement [that] . . . may . . . satisfy all or part of a possible judgment in the action . . . ." *Id*. at 26(a)(1)(A)(iv). Breen's initial disclosures were due by January 8, 2014, yet he did not provide the policy information until June 26, 2014, despite the requirements of Rule 26 and Defendants' numerous requests. (ECF No. 79 at 2-3.) The Court accordingly finds that Breen has failed to show that the Magistrate Judge's Order compelling disclosure of the insurance policy was clearly erroneous. The Court agrees with the Magistrate Judge's analysis of this issue and adopts such analysis here.

**C.      Whether the Parties Properly Conferred Under D.C.COLO.LCivR 7.1(a)**

Breen further argues that, even if he was required to disclose his insurance policy, Defendants did not attempt to confer with him regarding the policy prior to filing

their Motion to Compel, and that such failure to confer was grounds to deny the Motion. (ECF No. 102 at 2-7.)  D.C.COLO.LCivR 7.1(a) provides that counsel, before filing a motion, must confer or make reasonable efforts to confer with opposing counsel in attempt to resolve any disputes.  Any subsequent motion must contain a description of the good faith efforts taken to confer with counsel.  *Id*.  "The purpose of Local Rule 7.1(a) is to conduct a motion-specific conference to ensure that the moving party is asserting only those issues that are truly in dispute."  *Medcorp, Inc. v. Pinpoint Technologies, Inc.*, 2008 WL 5226387, at *1 (D. Colo. Dec. 12, 2008).  If the parties have not held a meaningful discussion in an effort to reach an agreement, the movant must have made a good-faith effort to do so.  *Cunningham v. Standard Fire Ins. Co.*, 2008 WL 2247860, at *1 (D. Colo. May 29, 2008).  Both the quantity and the quality of the contacts between counsel are considered to determine compliance with Local Rule 7.1(a).  *Id*.

In this case, Defendants attempted to obtain Breen's insurance information multiple times, including three separate communications to Breen specifically requesting the policy.  (ECF No. 55 at 3-4.)  As Judge Hegarty observed, Defendants had every "reason to believe that the dispute could not be resolved without the Court's assistance."  (ECF No. 79 at 4.)  In fact, Breen only produced the policy after Defendants' Motion to Compel was filed.  (ECF No. 111 at 3.)  The Court therefore finds that Defendants satisfied the conferral requirements of D.C.COLO.LCivR 7.1(a) and that Breen has failed to show the Magistrate Judge's Order granting the Motion to Compel was clearly erroneous.

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that:

1. Third-Party Defendant John E. Breen's Objections (ECF No. 102) to Magistrate Judge Hegarty's Orders (ECF Nos. 79 & 91) are OVERRULED;

2. Judge Hegarty's Orders (ECF Nos. 79 & 91) are AFFIRMED and ADOPTED in their entirety; and

3. Third-Party Defendant John E. Breen is sanctioned in the amount of $2,160.00, to be paid to counsel for the Defendants no later than January 2, 2015.  Breen shall file a Notice of Compliance with this Order no later than January 9, 2015.

Dated this 12th day of December, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge